**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JAMES BIRKAN, | ) | |
| Plaintiff, | ) ) | Case No. 2:16-cv-01766-JAD-GWF |
| vs. | ) ) | **ORDER** |
| RICHLAND HOLDINGS, INC., | ) ) | |
| Defendant. | ) ) ) | |

This matter is before the Court on Plaintiff's Motion to File Supplemental Complaint (ECF No. 13), filed on March 17, 2017. Defendant filed its Opposition (ECF No. 16) on March 31, 2017. Plaintiff filed his Reply (ECF No. 19) on April 7, 2017.

On July 26, 2016, Plaintiff filed his Complaint (ECF No. 1) alleging violations of the Fair Dept Collection Practices Act, 15 U.S.C. § 1332. Plaintiff represents that subsequent to filing his Complaint Defendant did not accept Plaintiff's insurer payment for the debt underlying this action. *See Plaintiff's Motion* (ECF No. 13), pg. 1. Plaintiff requests leave to file a supplemental complaint pursuant to Rule 15(d) of the Federal Rules of Civil Procedure to add allegations of the actions taken by Defendant. Defendant argues that Plaintiff's delayed request to file a supplemental pleading is an attempt to extend discovery and is, therefore, prejudicial. *See Opposition* (ECF No. 16), pg. 4.

Rule 15(d) states as follows:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Rule 15(d) is intended to give courts broad discretion in allowing supplemental pleadings and is,

therefore, favored as a tool of judicial economy and convenience. *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). The rule allows for the addition of claims that do not "arise out of the same transaction" if "some relationship" between them exists. *O'Neill v. Bannister*, 2012 WL 6968937, at *3 (D. Nev. Aug. 29, 2012) (citing *Keith*, 858 F.2d at 473)). If, however, the supplemental pleading asserts new and distinct claims unrelated to the original complaint that should be the subject of a separate lawsuit, then leave to amend should be denied. *Id.* (citing *Planned Parenthood of So. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir.1997)).

Plaintiff's supplemental allegations refer to events that took place in December 2016 and he filed his Motion to File Supplemental Complaint on March 17, 2017. Plaintiff's requested supplementation is not filed in bad faith or for dilatory motive. Further, "delay in and of itself is not sufficient reason to deny a motion to supplement the complaint." *San Luis & Delta-Mendota Water Auth. v. U.S. Dep't of Interior*, 236 F.R.D. 491, 500 (E.D. Cal. 2006) (quoting *Bromley v. Michigan Educ. Association–NEA*, 178 F.R.D. 148, 154 (E.D.Mich.1998)). The proposed supplemental complaint and allegations are sufficiently related to the original claims in this case. Additionally, allowing supplementation serves the interest of judicial economy. The Court, therefore, grants Plaintiff's Motion to File Supplemental Complaint. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to File Supplemental Complaint (ECF No. 13) is **granted**.

DATED this 17th day of April, 2017.

GEORGE FOLEY, JR.
United States Magistrate Judge

2